IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABORERS' COMBINED FUNDS OF WESTERN PENNSYLVANIA, as agent for Philip Ameris, and Paul V. Scabilloni, trustees ad litem, Laborers' District Council of Western Pennsylvania Welfare and Pension Funds, Keystone Building Contractor's Association Industry Advancement Fund and the Laborers' District Council of Western Pennsylvania and its affiliated local unions,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHNSTOWN CONSTRUCTION MANAGEMENT SERVICES, LLC, JAMES J. VASILKO and DARLENE SISKA,<br><br>    Defendants. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### Factual Background

1. Jurisdiction of this action arises under §502 and §409 of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), 29 U.S.C. §1132 and §1109, and Sections 404(b) and 406 of ERISA, 29 U.S.C. §1104(b) and §1106, 28 U.S.C. §1331, and also under §301 of the Labor-Management Relations Act of 1947 ("**LMRA**"), 29 U.S.C. §185 in that Defendants have failed to turn over certain fringe benefit contributions and wage deductions due and owing to Plaintiff Funds in violation of a collective bargaining agreement entered into with the Laborers' District Council of Western Pennsylvania and its affiliated local unions, as well as relevant provisions of several trust agreements incorporated therein.

2. Plaintiff Laborers' Combined Funds of Western Pennsylvania is a Pennsylvania non-profit corporation which maintains its principal place of business at 12 Eighth Street, Pittsburgh, Pennsylvania 15222.  Philip Ameris is an employee trustee and

Chairman of the Boards of Trustees of the Laborers' District Council of Western Pennsylvania Welfare and Pension Funds (hereinafter "**Funds**").  Paul V. Scabilloni is an employer trustee and Secretary of the Boards of Trustees of the Funds.

3. The trustees of the Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated Plaintiff Funds as their agent for the collection of contributions to the Funds on behalf of the trustees, participants, and beneficiaries of said Funds.

4. The Laborers' Union, in its own behalf and on behalf of its local affiliated unions and the Keystone Building Contractor's Association Industry Advancement Fund has designated Plaintiff Funds as their agent for the collection of certain monies required to be paid by employers to the Laborers' District Council Industry ("**Industry Fund**").

5. Johnstown Construction Services, LLC ("**JCS**") and Defendant, Johnstown Construction Management Services, LLC ("**JCMS**") are engaged in the business of operating a construction company, with its principal place of business at 124 Donald Lane, Johnstown, Pennsylvania 15904.

6. JCS has agreed to abide by a labor agreement ("**Agreement**") with the Union pursuant to which such JCS was obligated to submit certain monthly payments to Funds for pension, medical, annuity, apprenticeship and industry for the benefit of employees covered under such Agreement.

7. The aforedescribed Agreement and the provisions of ERISA require JCS to pay interest and late charges/liquidated damages if it failed to timely file such reports and/or make such payments.

8. Plaintiff Funds have a judgment of $16,149.72 against JCS that remains unpaid in the United States District Court for the Western District of Pennsylvania (Johnstown) at Docket No. 18-cv-23.

9. Defendant JCMS is a successor and/or alter ego to JCS.

10. At all times material, Defendant James J. Vasilko ("J. Vasilko") was the President and Member of JCS and JCMS and oversaw all day-to-day internal and field operations of both companies.

11. At all times material, Defendant Darlene Siska ("D. Siska") was a principal of JCS and JCMS and managed all office operations of both companies.

## COUNT I

### Laborers' Combined Funds of Western Pennsylvania, et al. v. Johnstown Construction Management Services, LLC

12. The averments contained in paragraphs 1 through 11 of this Complaint are hereby incorporated by reference herein.

13. Defendant JCMS impliedly assumed the debts and obligations of JCS and should be submitting monthly remittance reports with payment to the Funds for all covered work performed.

14. Since the formation of JCMS in 2015, JCMS and JCS:

　　(a) have maintained the same principal place of business at 124 Donald Lane, Johnstown, Cambria County, Pennsylvania 15904;

　　(b) were both Pennsylvania Limited Liability Companies;

　　(c) are believed to have maintained checking accounts at USSCO Federal Credit Union in Johnstown, PA and/or at another financial institution;

　　(d) have been affiliated business enterprises with common management and supervision;

　　(e) have engaged in the same type of business, performing carpentry, general building contracting and construction management work in the same

geographic area;

(f) have performed both residential and non-residential projects;

(g) have regularly conducted business in Western Pennsylvania with a focus on Cambria County;

(h) have used the law firm of Leventry, Haschak & Rodkey, LLC for legal services;

(i) have held themselves out to vendors, vendees, owners, general contractors, customers, employees and to the public as related business enterprises; and

(j) have established Defendant JCMS as a disguised continuation of JCS.

15. Defendants J. Vasilko and D. Siska used the same email address for both JCS and JCMS for business communications. The email address contains their name followed by "Johnstown Construction" without differentiating between JCS and JCMS.

16. From 2005 onward, Defendant J. Vasilko shifted more and more work from JCS to JCMS to avoid paying higher union wage and fringe benefit rates in JCS' Agreements.

17. By virtue of the acts and conduct described above, Defendant JCMS is liable for all monies due and owing by JCS to the Funds as described above as well as all fringe benefits and wage deductions that became due and owing by JCS.

18. By virtue of the acts and conduct described above, Defendant JCS is liable for all monies due and owing by JCMS to the Funds as described above as well as all fringe benefits and wage deductions that became due and owing by JCMS.

19. By virtue of the acts and conduct described above, Defendant JCMS is the alter-ego of and/or legal successor to JCS and is bound by the terms of the Agreements and liable for all monies due and owing to the Plaintiff Funds arising from work by JCS.

20. Defendant JCMS' and JCS' failure to timely pay the aforesaid obligations to the Plaintiff has caused the Funds to suffer loss of investment income and additional administrative expenses and has resulted in less monies being available to provide pension, medical and other fringe benefits to carpenter beneficiaries and their families.

WHEREFORE, Plaintiff Funds demand the following relief against JCMS and JCS:

(a) A preliminary and/or permanent injunction enjoining JCMS and JCS from violating the terms of such Agreements and directing JCMS and JCS to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff Funds pursuant to such Agreements, and enjoining JCMS and JCS from disposing of assets; and

(b) For JCMS and JCS to be required to file complete and accurate remittance reports with Plaintiff Funds covering all aspects of such Defendants' business operations for the last four years through the present; and

(c) For JCMS and JCS to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant's covered employees for the last four years to the present to enable Plaintiff Funds to verify the accuracy of the amounts paid and/or due and owing by such Defendants to the Plaintiff Funds; and

(d) For a money judgment in favor of Plaintiff Funds and against JCMS and JCS in the sum of at least $14,586.80, plus such additional amounts shown to be owed such

Plaintiff until termination of this case, additional interest from August 6, 2018 and costs of suit; and

(e) For the Court to retain jurisdiction of the case pending compliance with its orders; and

(f) For such other and further relief as the Court may deem just.

## COUNT II

### Laborers' Combined Funds of Western Pennsylvania, et al.
### v. James J. Vasilko and Darlene Siska

### ERISA Breach of Fiduciary Duty Action

21. The averments contained in paragraphs 1 through 20 are hereby incorporated by reference herein.

22. At all times material, Defendants J. Vasilko and D. Siska were and are responsible for overseeing the collection of all monies payable to JCS and JCMS resulting from the work performed by the laborers employed under such Agreement.

23. At all times material, Defendants J. Vasilko and D. Siska were also responsible for overseeing the submittal of monthly remittance reports and fringe benefit contributions for JCS and JCMS to the Plaintiff Funds in Pittsburgh.

24. At all times material, Defendants J. Vasilko and D. Siska had check signing authority, signed checks, and had the right to make decisions as to what obligations and/or payments of JCS and JCMS were to be paid and which ones were not to be paid.

25. At the time such fringe benefit contributions became due and payable by JCS and JCMS to the Funds, such monies became assets of the Funds.

26. At all times material, J. Vasilko and D. Siska were aware of the obligations of JCS and JCMS to timely pay fringe benefits to the Funds.

27. Defendants J. Vasilko and D. Siska prioritized payment of corporate expenses that personally benefitted them over payment to the Funds.

28. Based upon the foregoing, J. Vasilko and D. Siska constitute "fiduciaries" under ERISA.

29. Based upon the foregoing, Defendants J. Vasilko and D. Siska violated their duties of loyalty to the beneficiaries of the Funds.

30. Based upon the foregoing, Defendants J. Vasilko and D. Siska also breached their fiduciary duties to the Funds by failing to cause JCS and JCMS to pay to the Plaintiff Funds such contributions once they became due and payable, and are therefore personally liable for all fringe benefits and associated interest, liquidated damages/late charges, attorneys' fees and legal costs owed by JCS and JCMS to Plaintiff Funds.

31. The principal contributions owed by JCS and JCMS to Plaintiff from July through September 2017 total at least $8,548.94. In addition, interest through August 15, 2018 of $1,312.66 is due and late charges/liquidated damages of $956.95 are due to Plaintiff Funds for a total deficiency of at least $10,818.55. Interest will continue to accrue after August 15, 2018 at the rate of $3.51 per day.

32. Plaintiff Funds claim any additional amounts that may be shown to be due as a result of any audits performed by Plaintiff Funds or remittance reports submitted by JCS and JCMS to the Plaintiff until the termination of this case. If employer submits future late reports and/or payments or it is determined by the Funds that additional amounts are owed by JCS and JCMS to the Funds, interest will be assessed on the principal amount thereof at 1 ¼% per month and liquidated damages/late charges at 10% times the principal amount owed by such Defendants. In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

33. Plaintiff has demanded from Defendants J. Vasilko and D. Siska payment of all such amounts due, but such Defendants have neglected and continue to neglect to pay such amounts.

34. Pursuant to ERISA, JCS and J. Vasilko and D. Siska is also obligated to Plaintiff to pay Plaintiff's reasonable attorneys' fees of 20% of the total delinquency or

$1,000.00 whichever is greater.  Such fees and expenses total at least $2,163.71 through August 15, 2018.  Plaintiff also claims attorneys' fees of twenty (20%) percent on any additional amounts shown to be due to Plaintiff until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

WHEREFORE, Plaintiff Funds demand that judgment be entered against Defendants James J. Vasilko and Darlene Siska in the amount of $12,982.26, plus interest from August 15, 2018 at a per diem rate of $3.51, plus additional amounts shown to be due plus legal costs.

## COUNT III

### Laborers' Combined Funds of Western Pennsylvania, et al. v. James J. Vasilko and Darlene Siska

### State Common Law Conversion Action

35. The averments contained in paragraphs 1 through 34 of this Complaint are hereby incorporated by reference herein.  The Court has supplemental jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. § 1367.

36. Pursuant to such Agreement, JCS withheld monies from its employees' wages for union dues and legislative funds that were required to be remitted to the Plaintiff Funds.

37. In violation of such Agreement, JCS failed to remit such deductions for union dues and legislative funds to the Plaintiff.

38. At all times relevant to this action, Defendants J. Vasilko and D. Siska had the authority and the responsibility to remit such employee wage withholdings to the Plaintiff.

39. At all times material, Defendants J. Vasilko and D. Siska exercised dominion and control over the employee wage withholdings totaling $1,056.61, and authorized and/or permitted such monies to be used to pay other obligations of JCS.

40. Plaintiff Funds claim any additional amounts that may be shown to be due as a result of any audits performed by Plaintiff Funds or remittance reports submitted by JCS and JCMS to the Plaintiff until the termination of this case. If employer submits future late reports and/or payments or it is determined by the Funds that additional amounts are owed by JCS and JCMS to the Funds, interest will be assessed on the principal amount thereof at 1 ¼% per month owed by such Defendants. In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

41. Based upon the foregoing, Defendants J. Vasilko and D. Siska intentionally converted such monies that were rightfully due and payable to the Plaintiff.

42. Plaintiff is also entitled to receive from Defendants J. Vasilko and D. Siska interest through August 15, 2018 on such late payments of $162.24, plus additional interest from August 15, 2018 of $.43 per day.

WHEREFORE, Plaintiff Funds demand entry of a judgment in its favor and against James J. Vasilko and Darlene Siska in the amount of $1,218.85 plus additional interest from August 15, 2018 plus additional amounts shown to be due, plus costs of suit.

**JURY TRIAL DEMANDED**         TUCKER ARENSBERG, P.C.

By: */s/ Jeffrey J. Leech*
Jeffrey J. Leech
PA I.D. No. 19814
Neil J. Gregorio, Esquire
PA I.D. No. 90859
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
Attorneys for Plaintiff